UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clayton Howard Tisdale, # 278610, | ) C/A No. 9:05-1912-GRA-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Conway Hospital; and<br>Loris Community Hospital, | ) |
| Defendants. | ) |

# Background of this Case

The plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC). He has submitted the above-captioned civil rights action under 42 U.S.C. § 1983[1] against the Conway Hospital and the Loris Community Hospital. On page 2 of the complaint, in response to the question asking a plaintiff to state the issues he or she wishes to raise in a case, the plaintiff writes: "Hospital states no blood

---

[1] The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

drawn Concerning D.U.I. case[.]" (Complaint, at page 2 [irregular capitalization in original]).

Information on the South Carolina inmate database available on the LEXIS® service reveals that the plaintiff was convicted, in the Court of General Sessions for Horry County, of felony DUI (driving under the influence) resulting in death, and was sentenced to fifteen (15) years in prison:

>  *** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***
> SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
> SOUTH CAROLINA INMATES
>
> Name: TISDALE, CLAYTON HOWARD
>
> * * *
>
> ***** SENTENCE INFORMATION *****
>
> Inmate Number: 00278610
> County of Conviction: HORRY
> Location: EVANS CORR INST
> Offense: FELONY DUI-DEATH RESULTS
> Sentence Length: 15 YEARS
> Sentence Total: 15 YEARS
> Sentence Begin Date: 9/28/2001
> Parole Date: 6/19/2013
> Sex Offender Registration Required: NO
> Inmate Status: INCARCERATED

(South Carolina Inmate Database on LEXIS® service, downloaded on July 8, 2005).[2] Inmate information available on the South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff's sentence "start" date is September of 2000.[3]

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's conviction for felony DUI resulting in death. The plaintiff indicates that, after the motor vehicle accident, he was "transported to Loris Comm. Hospital & was released without a blood test — sent home & arrested approx 3 hours Leate [sic] [and] was rearrested & taken to Conway Hospital with Felony D.U.I." (Complaint, at page 3).

The plaintiff also states that he filed a Freedom of Information Act (FOIA) request to the Conway Hospital and learned that there was no record of him (the plaintiff) being treated at the hospital. Appended to the complaint, is the plaintiff's FOIA request sent to the Conway Hospital on June 21, 2004, and received by the Conway Hospital on the next day. The Conway Hospital's response to the plaintiff's FOIA request is dated July 12, 2004, and reads as follows:

---

[2]In accordance with the Judicial Conference's new privacy policy, this quotation omits personal identifiers.

[3]The plaintiff obviously received a year of "jail time" credit on his sentence.

> We are in receipt of your request for information on the above named patient; we are returning your request because the patient was not treated at this facility. Please check your records.

(Letter to plaintiff from Conway Hospital, dated July 12, 2004). Even so, the plaintiff has included a "PHYSICIAN COPY" report of the plaintiff's admission to the Conway Hospital's Lab at 12:16 a.m. on September 28, 2000, after an automobile accident on September 27, 2000, at 7:30 p.m. The admitting diagnosis is listed as "BLOOD ALCOHOL[.]"

The plaintiff lists his causes of action and his requests for relief on page 3 of the complaint. Specifically, the plaintiff writes:

> My Complaint is that Clayton [sic] & Conway Hospitals were derelict in thier [sic] duties in not doing the proper tests to determine Sobriety & that they did commit medical malpractice in doing the same.
>
> I would Like for the Honorable Court to award me 850,000 dollars in compensation for medical malpractice & derelection [sic] of duty in this case. I would also ask that the Honorable Court terminate my Sentence & clear my record of the Charge of Felony D.U.I.



(Complaint, at page 3).

# Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural

4

provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[4] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449

---

[4]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

5

U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging his conviction and sentence for Felony D.U.I., this case is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether

> a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following Heck v. Humphrey:

7

"[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

With respect to his conviction and sentence, the plaintiff's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2254, which remedies can be sought only after the plaintiff has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). See also 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); and Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)(exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), cert. denied, Matthews v. Moore, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

There is no indication in the complaint whether a direct appeal was filed in the plaintiff's criminal case. It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352 (1989). Although the time for the plaintiff to file a direct appeal in his criminal case has obviously expired, he can, nonetheless, file an application for post-conviction relief. See § 17-27-10, et seq., South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). The United States

9

Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. See Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

For the plaintiff's information, the plaintiff can obtain post-conviction forms from the Clerk of Court for Horry County (whose address is Clerk of Court for Horry County, Post Office Box 677, Conway, South Carolina 29528). The plaintiff should be mindful that the General Assembly has enacted limitations periods for post-conviction cases. See 1995 S.C. Acts 7, which has been codified at Section 17-27-45, South Carolina Code of Laws:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.
>
> (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the

> standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.
>
> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

See also Sutton v. State, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS® 285 (2004); and Peloquin v. State, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607, 1996 S.C. LEXIS® 57 (1996). Cf. Leamon v. State, 363 S.C. 432, 611 S.E.2d 494, 2005 S.C. LEXIS® 97(2005)(prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45); and Green v. State, 353 S.C. 29, 30, 576 S.E.2d 182, 183, 2003 S.C. LEXIS® 19 (2003)(the filing of a federal § 2254 petition does not toll the one-year limitations period of § 17-27-45, South Carolina Code of Laws).

As earlier stated, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, supra. In fact, if a Court of

Common Pleas denies the South Carolina prisoner's application for post-conviction relief or dismisses the application for post-conviction relief, a prisoner *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. See Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981). Moreover, some South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g.*, Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004). Hence, the plaintiff's available remedies are: (1) an application for post-conviction relief; (2) an appeal (if necessary) in the post-conviction case, and (3) a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed in federal court after the plaintiff has exhausted his state remedies.

The plaintiff cannot have his conviction for felony D.U.I. vacated in this civil rights action. Under Heck v. Humphrey, supra, "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." Myers v. Pauling, 1995

12

U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995). See also Edwards v. Balisok, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

Negligent or incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97 (1976). Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). See also Brooks v. Celeste, 39 F.3d 125, 1994 U.S.App. LEXIS® 31180 (6th Cir. 1994)(Although several

13

courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise.").[5]

---

[5]On page 1 of the complaint and in a sheet of paper appended to the complaint, the plaintiff discloses that he filed separate suits against each defendant in the Court of Common Pleas for Horry County: Clayton Howard Tisdale v. Conway Hospital, Case No. 05-CP-26-11, and Clayton Howard Tisdale v. Loris Community Hospital, Case No. 05-CP-26-66. Those cases were dismissed by the Honorable B. Hicks Harwell, South Carolina Circuit Judge, on June 3, 2005.

The website of the Clerk of Court for Horry County does not allow internet access to docket sheets and documents. Hence, it cannot be determined what issues were litigated in the two state court cases or the nature of the dispositions. If those two cases were decided on the merits, the plaintiff is not allowed to relitigate the issues in this civil rights case filed in federal court because of the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-482 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. See also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Allstate Insurance Co. v. West Virginia State Bar, 233 F.3d 813, 2000 U.S.App. LEXIS® 30143 (4th Cir. 2000); and Brown and Root, Inc. v. Breckenridge, 211 F.3d 194, 2000 U.S.App. LEXIS® 8608 (4th Cir. 2000).

The doctrine of res judicata would also bar the above-captioned case if the two state court cases were decided on the merits. See Clark v. Haas Group, Inc., 953 F.2d 1235, 1239, 1992 U.S. App. LEXIS® 405 (10th Cir.)(district court erred in denying motion for summary judgment based on res judicata where plaintiff attempted, after having brought suit including an ADEA claim, to bring a subsequent suit in a different court alleging breach of contract), cert. denied, 506 U.S. 832, 1992 U.S. LEXIS® 5780 (1992); Hogue v. Royce City, 939 F.2d 1249, 1253, 1991 U.S. App. LEXIS® 19864 (5th Cir. 1991); Langston v. Insurance Company of North America, 827 F.2d 1044, 1048-1049, 1987 U.S. App. LEXIS® 12597 (5th Cir. 1987); and Polsby v. Thompson, 201 F.Supp.2d 45, 2002 U.S.Dist. LEXIS® 7686 (D.D.C. 2002). In light of the applicability of the holdings in Heck v. Humphrey and Estelle v. Gamble, it is not necessary for this district court to obtain the records of the two state court cases.

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

Charleston, South Carolina
July 12, 2005

15

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
